IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:17-cv-00624-RJC

| | | |
|---|---|---|
| JONATHAN FINCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the parties' cross Motions for Summary Judgment, (Doc. Nos. 11, 15), and the parties' briefs and exhibits in support. The motions are ripe for adjudication.

I. BACKGROUND

A. Procedural Background

Jonathan Fincher ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed an application for Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on April 23, 2013, alleging a disability onset date of April 23, 2013. (Doc. Nos. 10 to 10-1: Administrative Record ("Tr.") 269, 273). His application was denied first on November 22, 2013 and upon reconsideration on February 10, 2014. (Tr. 117–52). Plaintiff filed a timely request for a hearing on April 1, 2014, and an

1

administrative hearing was held by an administrative law judge ("ALJ") on May 19, 2016. (Tr. 71–88).

Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 20–34). Plaintiff requested a review of the ALJ's decision, but the Appeals Council denied Plaintiff's request for a review. (Tr. 1–6). After having exhausted his administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of his social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under Section 1614(a)(3)(A) of the SSA. (Tr. 20). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on April 23, 2013 due to a combination of physical and mental impairments.[2]

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 29–30). In reaching her conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).
[2] (Tr. 355, 486, 582, 590, 645, 647, 654, 666).

2

disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to [his] past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite his limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do"). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24–25).

In reaching her decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that he suffered from severe physical and mental impairments, and that his impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 22–25). Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform light work . . . except with occasional postural limitations with an avoidance of workplace hazards. He needs to alternate between sitting and standing up to two (2) times each hour. . . . He could follow short simple instructions and perform routine tasks, but not work requiring a production rate or a demand

> pace. The claimant was also able to sustain attention and
> concentration for two (2) hour periods at a time. . . . The claimant
> should also avoid work environments dealing with crisis situations,
> complex decision making, or constant changes in a rout setting. The
> claimant could have frequent, but not continuous, contact or
> interactions with coworkers and supervisors, and only occasional
> contact or interactions with the public.

(Tr. 25–26). Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which he had previously been employed. (Tr. 28). Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in his RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 28–29). To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three representative occupations that exist in significant numbers in the national economy: "small parts assembler,"[3] "laundry worker,"[4] and "hand packager."[5] (Tr. 29). According to the DOT, all jobs require a Reasoning Level of 2. The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working; consequently, Plaintiff's application for Title XVI benefits was denied. (Tr. 30).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty

---

[3] DOT 706.684-022, 1991 WL 679050.
[4] DOT 302.685-010, 1991 WL 672657.
[5] DOT 559.687-074, 1991 WL 683797.

4

in her determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g) and 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner,

5

assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff alleges that the ALJ committed two errors: (1) the ALJ failed to identify and question the VE about apparent conflicts between the VE's testimony and the DOT, and (2) the ALJ failed to sufficiently explain, when she was assessing Plaintiff's RFC, how Plaintiff is able to perform tasks for two-hour periods at a time considering Plaintiff's moderate limitations in concentration, persistence, or pace. Because the Court agrees with Plaintiff's first allegation of error, the Court remands this case for further proceedings.

### A. The ALJ erred by not questioning the VE about an apparent conflict between the VE's testimony and the DOT.

Plaintiff asserts that the ALJ erred by not identifying or resolving an apparent conflict between the DOT and the testimony of the VE. Specifically, Plaintiff argues that an apparent conflict existed between limiting Plaintiff to performing routine tasks that involve short, simple instructions and finding that Plaintiff is capable of performing jobs requiring Reasoning Level of 2.[6] The Court agrees with this allegation of error and finds that remand is warranted.

---

[6] Plaintiff alleges additional apparent conflicts existed between the VE's testimony and the DOT. The Court need not address these since it agrees with Plaintiff that an

6

In Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015), the Fourth Circuit held that the ALJ has not fully developed the record if any unresolved conflicts exist between the VE's testimony and the DOT. Pearson elevated the ALJ's responsibility in addressing apparent conflicts. Now, an ALJ cannot rely unquestioningly on a VE's testimony; instead, an ALJ must ask the VE whether his or her testimony conflicts with the DOT. Id. at 208. And even if the VE answers that no conflicts exist, the ALJ has an affirmative "duty to make an independent identification of apparent conflicts." Id. at 208–10. This means that the ALJ must identify where the VE's "testimony seems to, but does not necessarily, conflict with the [DOT]." Id. at 209.

The DOT's Reasoning Development scale has six levels: Level 1 requires the least reasoning ability, and Level 6 requires the most reasoning ability. See DOT, App. C, 1991 WL 688702. Reasoning Level 2 requires the ability to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Id. (emphasis added).

Previously, in the absence of Fourth Circuit direction, this Court has held that "there is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2

---

apparent conflict existed between the reasoning level of the proffered jobs and Plaintiff's limitation to short, simple instructions.

or 3." Thomas v. Berryhill, No. 3:16-CV-00836-MOC, 2017 WL 3595494, at *5 (W.D.N.C. Aug. 21, 2017) (quoting Carringer v. Colvin, No. 2:13-CV-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014)), vacated and remanded, 916 F.3d 307 (4th Cir. 2019), as amended (Feb. 22, 2019).[7] And therefore, this Court found that "no apparent conflict exists between Reasoning Level 2 jobs and a 'limitation to no more than short simple instructions.'" Vizzini v. Berryhill, No. 1:17-CV-00233-RJC-DSC, 2018 WL 4561623, at *3 (W.D.N.C. Sept. 24, 2018). Recently, however, the Fourth Circuit has spoken on the issue and held that an apparent conflict exists "between a limitation to 'short, simple instructions' and a need to carry out "detailed but uninvolved . . . instructions' jobs (as found in jobs requiring Level 2 Reasoning)." Thomas v. Berryhill, 916 F.3d 307, 313–14 (4th Cir. 2019), as amended (Feb. 22, 2019). Accordingly, in light of new, binding precedent, this Court now holds that remand is warranted when an ALJ does not identify or resolve this apparent conflict between VE testimony and the DOT.

Here, the ALJ limited Plaintiff to "follow[ing] short simple instructions and perform[ing] routine tasks." (Tr. 25). When the ALJ asked the VE for representative occupations that Plaintiff could perform, the VE identified three jobs: (1) "small parts assembler" (2) "laundry worker," and (3) "hand packager." (Tr. 29, 86–87). According

---

[7] See also Corvin v. Berryhill, No. 5:17-CV-92-RJC-DSC, 2018 WL 3738226, at *4 (W.D.N.C. Aug. 7, 2018) ("Reasoning level 2 jobs 'do not imply an apparent conflict with a work limitation to simple, routine, repetitive work.'" (quoting Bethea v. Berryhill, 5:17-CV-145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018))); Rinehart v. Berryhill, No. 3:17CV425-GCM, 2018 WL 1884990, at *5 (W.D.N.C. Apr. 19, 2018).

8

to the DOT, all these jobs have a Reasoning Level of 2. Under <u>Thomas</u>, an apparent conflict existed between Plaintiff's limitation to short, simple instructions and the VE's testimony that Plaintiff could perform jobs that require the ability to carry out detailed but uninvolved instructions. (<u>Id.</u>). Therefore, the ALJ had a duty to resolve this apparent conflict but failed to do so. Accordingly, the Court remands this action to the ALJ so that she can resolve the apparent conflict in accordance with <u>Pearson</u>, <u>Thomas</u>, and the Administration's regulations.

## IV. CONCLUSION

Although the Court remands this case on Plaintiff's first issue, the ALJ should further note Plaintiff's other objections to his decision upon reconsideration.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **DENIED;**

3. Defendant's Consent Motion for Extension of Time, (Doc. No. 14), is **DENIED as moot;**

4. This matter is **REMANDED** for a new hearing consistent with this Order and the Fourth Circuit's holdings in <u>Pearson</u>, 810 F.3d 204 (4th Cir. 2015), and <u>Thomas</u>, 916 F.3d 307 (4th Cir. 2019); and

5. The Clerk of Court is directed to close this case.

Signed: March 22, 2019

Robert J. Conrad, Jr.
United States District Judge