UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-624-RJC

| | |
|---|---|
| JONATHAN FINCHER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") and Supporting Memoranda, (Doc. Nos. 20, 21, 24), as well as the Commissioner's Response in Opposition, (Doc. No. 23).

EAJA provides that the prevailing party in a civil action against the United States is entitled to attorneys' fees when the United States' position was not substantially justified and there are no special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in this litigation, as when the Court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Commissioner has the burden of showing that her position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial justification does not require the Commissioner's position to be correct, but such a position may be substantially justified if a reasonable person

1

could think it correct.  See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).  A claim for attorneys' fees may be defeated by the Commissioner by showing that her position had a reasonable basis in both law and fact.  Id. at 565–66.

To determine whether the Commissioner's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation."  Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993).  In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them.  Id.

Plaintiff here alleges that Defendant's position was not substantially justified, not by citing a particular issue in the Defendant's conduct or argument, but rather by arguing that the burden of proof is on the Defendant to show that the Defendant's position was justified.  (Doc. No. 21 at 3.)  Defendant replies that her position was substantially justified because the Court's order was based on a new and binding precedent that was issued after Defendant had filed her argument in this case.  (Doc. No. 23 at 5–6.)  Plaintiff rejoins that the Court's decision was based on principles that preceded the new binding precedent, and additionally that the Court did not reject Plaintiff's second unaddressed argument to which Defendant has not offered a justification.  (Doc. No. 24 at 4–5.)

As stated in the Order, this Court based its decision to remand on the failure of the Administrative Law Judge ("ALJ") to identify and question the Vocational

2

Expert ("VE") about apparent conflicts between the VE and the Dictionary of Occupational Titles ("DOT"). (Doc. No. 18 at 6.) The ALJ did not identify the conflict between limiting Plaintiff to performing routine tasks with simple instructions, and determining that the Plaintiff could perform jobs requiring a DOT Reasoning Level of 2. (Id.) However, the Order pointed out that prior to a recent Fourth Circuit Case (issued after parties presented their arguments), this Court had held that such ALJ findings did not conflict: jobs requiring an individual to carry out simple instructions had been considered "consistent with a DOT reasoning level of either 2 or 3," and therefore this Court had found that "no apparent conflict exists between Reasoning Level 2 jobs an a limitation to no more than short simple instructions." (Id. at 7–8, citations omitted.) However, the Order then explained that "[r]ecently . . . the Fourth Circuit has spoken on the issue and held that an apparent conflict exists between a limitation to short, simple instructions and a need to carry out detailed but uninvolved instructions jobs (as found in jobs requiring Level 2 Reasoning)," such that "in light of new, binding precedent" the Court would order remand in this case. (Id. at 8, citing Thomas v. Berryhill, 916 F.3d 307, 313–14 (4th Cir. 2019), as amended (Feb. 22, 2019).) This Fourth Circuit case that made these changes was issued several months after the parties in this case filed their arguments. "Given that Western District judges had repeatedly ruled in the Commissioner's favor, it is difficult to find that the Commissioner's position was unjustified." Thomas v. Saul, 816 F. App'x 835, 838 (4th Cir. 2020).

Plaintiff's next argues that while the Court remanded on point one, the Court did not reject Plaintiff's second argument that the ALJ failed to sufficiently explain

3

the Plaintiff's ability to perform two-hour tasks given Plaintiff's moderate limitations in concentration, persistence, or pace. (Doc. No. 24 at 4–5; Doc. No. 18 at 6.) The Court did observe that while it was remanding on the first issue, "the ALJ should further note Plaintiff's other objections to his decision upon reconsideration." (Doc. No. 18 at 9.) However, the Court has reviewed the record and finds that Defendant's arguments and actions on this issue were substantially justified. Plaintiff's objections notwithstanding, Defendant argued that the ALJ did explain the basis for the finding that Plaintiff could perform two-hour tasks by relying on doctor testimony as to Plaintiff's ability to perform simple routine repetitive tasks. (Doc. No. 16 at 7, citing Tr. 27–28, 119, 122–125, 137–143.) Whether or not these arguments would have prevailed, this Court finds that the Defendant was substantially justified in taking the stance that she did.

As a result, the Court finds that the Commissioner's position in this litigation was substantially justified, and needs not address whether the fees Plaintiff seeks would have been reasonable. The Court denies Plaintiff's Motion for Attorney's Fees.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Fees under the Equal Access to Justice Act, (Doc. No. 20), is **DENIED**.

**SO ORDERED.**

Signed: November 10, 2020

Robert J. Conrad, Jr.
United States District Judge